IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| JONATHAN DAVID ROBBINS<br>18800 Roxbury Road<br>Hagerstown, MD 21746<br><br>    Plaintiff<br><br>v.<br><br>ATTORNEY GRIEVANCE COMMISSION<br>  OF MARYLAND<br>200 Harry S Truman Pkwy.<br>Suite 300<br>Annapolis, MD  21401-7051<br><br>LYDIA E. LAWLESS<br>c/o Attorney Grievance Commission<br>  of Maryland<br>200 Harry S Truman Pkwy.<br>Suite 300<br>Annapolis, MD  21401-7051<br><br>FREDERICK R. FRANKE, JR.<br>c/o Franke, Sessions & Beckett LLC<br>151 West Street, Suite 301<br>Annapolis, MD  21401<br><br>FRANKE, SESSIONS & BECKETT LLC<br>151 West Street, Suite 301<br>Annapolis, MD  21401<br><br>NORMAN L. SMITH<br>c/o Nusinov Smith LLP<br>The Marbury Building<br>6225 Smith Avenue, Suite 200B<br>Baltimore, MD  21209<br><br>JEFFREY E. NUSINOV<br>c/o Nusinov Smith LLP<br>The Marbury Building<br>6225 Smit Avenue, Suite 200B<br>Baltimore, MD  21209 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

_____ FILED       _____ ENTERED
_____ LOGGED   _____ RECEIVED

APR 0 7 2022

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

Case No.: 22-CV-844-KJM

1

NUSINOV SMITH LLP )
The Marbury Building )
6225 Smit Avenue, Suite 200B )
Baltimore, MD  21209 )
)
DAVID G. MULQUIN )
c/o Brault Graham, LLC )
101 S. Washington Street )
Rockville, MD  20850 )
)
BRAULT GRAHAM, LLC )
101 S. Washington Street )
Rockville, MD  20850 )
)
PATRICIA HAGGERTY )
100 Edison Park Drive )
Gaithersburg, MD  20878 )
)
ROBERT P. SCANLON )
c/o Anderson & Quinn, LLC )
Adams Law Center )
25 Woods Lane )
Rockville, MD  20850 )
)
ANDERSON & QUINN, LLC )
Adams Law Center )
25 Woods Lane )
Rockville, MD  20850 )
)
JAMES E. EDWARDS )
c/o Baker Donelson )
100 Light Street )
Baltimore, MD  21202 )
)
BAKER DONELSON )
100 Light Street )
Baltimore, MD  21202 )
)
SHELBA A. SUTHERLAND BOSSOM )
3100 Shore Drive )
Apartment 1053 )
Virginia Beach, VA  23451-7319 )
)

```
and                                     )
                                        )
ANNETTE F. TORCHINSKY                   )
5750 Bou Avenue                         )
Apartment 1516                          )
Rockville, MD  20852                    )
                                        )
        Defendants                      )
```

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, JONATHAN DAVID ROBBINS, (hereinafter "Plaintiff"), and sues the ATTORNEY GRIEVANCE COMMISSION OF MARYLAND (hereinafter "Defendant Commission" and LYDIA E. LAWLESS, BAR COUNSEL (hereinafter "Defendant Lawless"), and in support thereof states:

### Parties

1. That Plaintiff is a resident of Washington County, Maryland who, at all relevant times pertinent hereto, was a licensed attorney operating a law practice in Maryland but is currently incarcerated.

2. That the Defendant Commission is a legal entity created by the State of Maryland and the Maryland Court of Appeals for the discipline of licensed attorneys which has the authority to prosecute alleged violations of the Maryland Rules of Professional Conduct (the ethical rules Maryland attorneys are required to abide by) by an attorney, which can result in the discipline of said attorney, including the possibility of suspension or disbarment from the practice of law.

3. That the Defendant Lydia Lawless (hereinafter "Lawless"), at all relevant times pertinent hereto, was in the position of Bar Counsel which, under Maryland law, vests her with the authority to institute disciplinary proceedings against Maryland licensed attorneys on behalf of the Defendant Commission.

4. That the Defendant, Frederick R. Franke, Jr. (hereinafter "Franke"), at all

relevant times pertinent hereto, is a licensed Maryland attorney and a partner in Franke, Sessions & Beckett, LLC, another Defendant herein, which is a law firm practicing throughout Maryland with offices in Annapolis, Maryland.

5. That the Defendants, Norman L. Smith (hereinafter "Smith") and Jeffrey E. Nusinov (hereinafter "Nusinov"), at all relevant times pertinent hereto, are licensed Maryland attorneys and partners in Nusinov Smith LLP, another Defendant herein, which is a law firm practicing throughout Maryland with offices in Baltimore, Maryland.

6. That the Defendant, David G. Mulquin (hereinafter "Mulquin"), at all relevant times pertinent hereto, is a licensed Maryland attorney and partner in Brault Graham, LLC, another Defendant herein, which is a law firm practicing throughout Maryland with offices in Rockville, Maryland.

7. That the Defendant, Patricia Haggerty (hereinafter "Haggerty"), at all relevant times pertinent hereto, is a licensed Maryland attorney who practices law throughout Maryland with offices in Gaithersburg, Maryland.

8. That the Defendant, Robert P. Scanlon (hereinafter "Scanlon"), at all relevant times pertinent hereto, is a licensed Maryland attorney and a partner in Anderson & Quinn, LLC, another Defendant herein, which is a law firm practicing throughout Maryland with offices in Rockville, Maryland.

9. That the Defendant, James E. Edwards (hereinafter "Edwards"), at all relevant times pertinent hereto, is a licensed Maryland attorney and a partner in Baker Donelson, another Defendant herein, which is a law firm practicing throughout Maryland with offices in Baltimore, Maryland.

10. That the Defendant, Shelba A. Sutherland Bossom (hereinafter "Bossom"), at all relevant times pertinent hereto, is a licensed Maryland attorney who practices in

Maryland with offices in Virginia Beach, Virginia.

11. That the Defendant, Annette F. Torchinsky (hereinafter "Torchinsky"), at all relevant times pertinent hereto, is a licensed Maryland attorney practicing throughout Maryland with offices in Rockville, Maryland.

### Jurisdiction

12. The jurisdiction of this Court is conferred by 28 U.S.C. § 1332(a) as a matter in controversy exceeding the sum of $75,000, exclusive of interest and costs and is between citizens of different States.

13. The jurisdiction of this Court is further conferred by 28 U.S.C. § 242 as a deprivation of rights under the color of law by a public official.

### Facts

14. That on or about June 6, 2017, the Defendant Commission, at the behest of Defendant Lawless, instituted disciplinary proceedings against Plaintiff in the Circuit Court for Montgomery County, *Attorney Grievance Commission of Maryland v. Jonathan David Robbins,* Case No. 433323V.

6. That the ultimate result of the aforesaid disciplinary proceeding was the issuance of proposed findings of fact on or about August 14, 2018 which were forwarded to the Court of Appeals of Maryland on or about August 16, 2018 for ultimate resolution.

7. That on or about April 3, 2019, the Court of Appeals of Maryland ratified the aforesaid findings of fact which found the Plaintiff to have violated numerous provisions of the Maryland Rules of Professional Conduct and issued a disciplinary order disbarring the Plaintiff from the practice of law in the State of Maryland.

13. That between June 6, 2017 and April 3, 2019, the Plaintiff entered into employment agreements with many of the Co-Defendant attorneys (Franke, Smith,

Nusinov, Mulquin, Haggerty, Scanlon, Edwards, Bossom and Torchinsky) and Co-Defendant law firms for said Co-Defendants to represent him in the aforementioned disciplinary proceedings.

14. That each of the said Co-Defendants owed a duty to Plaintiff to act as a reasonably competent attorney and to exercise ordinary care and diligence in the execution of business entrusted to him or her.

15. That on or about August 29, 2019, the State of Maryland at the urging of Linda E. Lawless filed criminal charges against Plaintiff in the Circuit Court for Montgomery County, Maryland; namely, six (6) counts of theft in criminal case number 136236C.

16. That based upon the wrongful conduct of Defendant Lawless and the other Defendants, Plaintiff was found guilty on all six (6) charges and incarcerated.

## COUNT I – ABUSE OF PROCESS BY DEFENDANT LYDIA E. LAWLESS

17. That all previous allegations are incorporated herein by reference.

18. That although the initiation of disciplinary proceedings against the Plaintiff may have been a lawful use of process at the outset, the Defendant Lawless willfully used said process after it had issued in a manner not contemplated by law by engaging in at least forty-two (42) separate wrongful acts. Attached hereto and labeled Exhibit A is a letter from Plaintiff to Linda H. Lamone, Esquire of the Attorney Grievance Commission of Maryland, dated February 21, 2019 which delineates these forty-two (42) wrongful acts.

19. That the forty-two (42) allegations of wrongful conduct alleged to have been committed by Defendant Lawless against the Plaintiff in the attached Exhibit A are incorporated herein by reference as if fully stated herein.

20. That Defendant Lawless acted to satisfy an ulterior motive in her continued prosecution of the Plaintiff in the aforementioned disciplinary proceedings which was

satisfaction of her "...deeply flawed judgment and a {sic} vindictive nature (see correspondence from Professor Michael S. Frisch of the Georgetown University Law Center dated April 3, 2017 to the Attorney Grievance Commission of Maryland attached hereto as Exhibit B and which is incorporated herein by reference as if fully stated herein)." Additionally, her motives included improving her professional statistics regarding number of disbarments and number of serious sanctions obtained and her cravings for power, authority and control.

21. That the abuse of process committed by Defendant Lawless against Plaintiff resulted in damages to the Plaintiff, including the loss of his law license, loss of employment, damage to his reputation, loss of income, severe mental anguish, and medical and other related expenses.

22. That all of the aforesaid damages were caused by the intentional wrongdoing and/or negligence of the Defendant Lawless without any negligence on the part of the Plaintiff contributing thereto.

**WHEREFORE**, the Plaintiff, JONATHAN DAVID ROBBINS, demands judgment in an amount in excess of TWO MILLION DOLLARS ($2,000,000.00), prejudgment interest at the statutory rate, plus court costs from the Defendant, LYDIA E. LAWLESS.

## COUNT II– CLAIM AGAINST ATTORNEY GRIEVANCE COMMISSION OF MARYLAND UNDER THEORY OF *RESPONDEAT SUPERIOR*

23. That all previous allegations are incorporated herein by reference

24. That at all times mentioned herein, the Defendant Lawless was the agent, servant, and/or employee of the Defendant Commission.

25. That the Defendant Lawless was acting within the scope of her employment or agency with the Defendant Commission when she committed the wrongful acts previously

7

alleged.

26. That the Defendant Commission is liable to the Plaintiff under the theory of *Respondeat Superior* due to the aforesaid wrongful conduct of the Defendant Lawless.

**WHEREFORE**, the Plaintiff, JONATHAN DAVID ROBBINS, demands judgment in an amount in excess of TWO MILLION DOLLARS ($2,000,000.00), prejudgment interest at the statutory rate, plus court costs from the Defendants, LYDIA E. LAWLESS and the ATTORNEY GRIEVANCE COMMISSION OF MARYLAND.

### COUNT III-VIOLATION OF CIVIL RIGHTS UNDER 18 U.S.C. § 242
### AGAINST DEFENDANT LYDIA LAWLESS

27. That all previous allegations are incorporated herein by reference.

28. That Defendant Lawless is a "public official" within the meaning of 2 U.S.C. § 1602.

29. That Defendant Lawless, under the color of law, has systematically deprived the rights and privileges of the Plaintiff by make false accusations, perjuring herself and unjustly prosecuting Plaintiff.

30. That the wrongful acts and conduct as outlined in "Exhibit A" have caused the Plaintiff to be unjustly incarcerated further denying him of his innate civil rights.

**WHEREFORE**, the Plaintiff, JONATHAN DAVID ROBBINS, demands judgment in an amount in excess of TWO MILLION DOLLARS ($2,000,000.00), prejudgment interest at the statutory rate, plus court costs from the Defendants, LYDIA E. LAWLESS.

### COUNT IV-CLAIM OF LEGAL MALPRACTICE
### AGAINST FREDERICK R. FRANKE, JR.

31. That all previous allegations are incorporated herein by reference.

32. That the Defendant Franke, breached his aforesaid duty to act as a reasonably competent attorney and was negligent in his representation of Plaintiff in the disciplinary

matter on numerous instances.

33. That as a result of the breach of duty and negligence of the Defendant Franke, as aforesaid, the Plaintiff has suffered economic loss and emotional trauma.

**WHEREFORE**, the Plaintiff, JONATHAN DAVID ROBBINS, demands judgment in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), prejudgment interest at the statutory rate, plus court costs from the Defendant, FREDERICK R. FRANKE, JR.

## COUNT V– CLAIM AGAINST FRANKE, SESSIONS & BECKETT LLC
## UNDER THEORY OF *RESPONDEAT SUPERIOR*

34. That all previous allegations are incorporated herein by reference

35. That at all times mentioned herein, Defendant Franke, was the agent, servant, and/or employee of the Defendant Franke, Sessions & Beckett LLC.

36. That the Defendant Franke, was acting within the scope of his employment or agency with the Defendant Franke, Sessions & Beckett LLC when he committed the wrongful acts previously alleged.

37. That the Defendant, Franke, Sessions & Beckett LLC, is liable to the Plaintiff under the theory of *Respondeat Superior* due to the aforesaid wrongful conduct of the Defendant Franke.

**WHEREFORE**, the Plaintiff, JONATHAN DAVID ROBBINS, demands judgment in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), prejudgment interest at the statutory rate, plus court costs from the Defendant, FRANKE, SESSIONS & BECKETT LLC.

## COUNT VI-CLAIM OF LEGAL MALPRACTICE
## AGAINST NORMAN L. SMITH

38. That all previous allegations are incorporated herein by reference.

39. That the Defendant Smith., breached his aforesaid duty to act as a reasonably

competent attorney and was negligent in his representation of Plaintiff in the disciplinary matter on numerous instances.

40. That as a result of the breach of duty and negligence of the Defendant Smith, as aforesaid, the Plaintiff has suffered economic loss and emotional trauma.

**WHEREFORE**, the Plaintiff, JONATHAN DAVID ROBBINS, demands judgment in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), prejudgment interest at the statutory rate, plus court costs from the Defendant, NORMAN L. SMITH.

## COUNT VII-CLAIM OF LEGAL MALPRACTICE AGAINST JEFFREY E. NUSINOV

41. That all previous allegations are incorporated herein by reference.

42. That the Defendant Nusinov, breached his aforesaid duty to act as a reasonably competent attorney and was negligent in his representation of Plaintiff in the disciplinary matter on numerous instances.

43. That as a result of the breach of duty and negligence of the Defendant Nusinov, as aforesaid, the Plaintiff has suffered economic loss and emotional trauma.

**WHEREFORE**, the Plaintiff, JONATHAN DAVID ROBBINS, demands judgment in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), prejudgment interest at the statutory rate, plus court costs from the Defendant, JEFFERY E. NUSINOV.

## COUNT VIII-- CLAIM AGAINST NUSINOV SMITH LLP UNDER THEORY OF *RESPONDEAT SUPERIOR*

44. That all previous allegations are incorporated herein by reference

45. That at all times mentioned herein, Smith and Nusinov were the agents, servants, and/or employees of the Defendant, Nusinov Smith LLP.

46. That the Defendants Smith and Nusinov, were acting within the scope of their employment or agency with the Defendant Nusinov Smith LLP when they committed the wrongful acts previously alleged.

47. That the Defendant, Nusinov Smith LLP, is liable to the Plaintiff under the theory of *Respondeat Superior* due to the aforesaid wrongful conduct of the Defendants Smith and Nusinov.

**WHEREFORE**, the Plaintiff, JONATHAN DAVID ROBBINS, demands judgment in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), prejudgment interest at the statutory rate, plus court costs from the Defendant, NUSINOV SMITH LLP.

### COUNT IX-CLAIM OF LEGAL MALPRACTICE AGAINST DAVID G. MULQUIN

48. That all previous allegations are incorporated herein by reference.

49. That the Defendant Mulquin, breached his aforesaid duty to act as a reasonably competent attorney and was negligent in his representation of Plaintiff in the disciplinary matter on numerous instances.

50. That as a result of the breach of duty and negligence of the Defendant Mulquin., as aforesaid, the Plaintiff has suffered economic loss and emotional trauma.

**WHEREFORE**, the Plaintiff, JONATHAN DAVID ROBBINS, demands judgment in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), prejudgment interest at the statutory rate, plus court costs from the Defendant, DAVID G. MULQUIN.

### COUNT X– CLAIM AGAINST BRAULT GRAHAM LLC UNDER THEORY OF *RESPONDEAT SUPERIOR*

51. That all previous allegations are incorporated herein by reference.

52. That at all times mentioned herein, the Defendant Mulquin, was the agent, servant, and/or employee of the Defendant Franke, Brault Graham LLC.

53. That the Defendant Mulquin, was acting within the scope of his employment or agency with the Defendant Brault Graham LLC when he committed the wrongful acts previously alleged.

54. That the Defendant, Brault Graham LLC, is liable to the Plaintiff under the theory of *Respondeat Superior* due to the aforesaid wrongful conduct of the Defendant Mulquin.

**WHEREFORE**, the Plaintiff, JONATHAN DAVID ROBBINS, demands judgment in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), prejudgment interest at the statutory rate, plus court costs from the Defendant, BRAULT GRAHAM LLC

## COUNT XI-CLAIM OF LEGAL MALPRACTICE
## AGAINST PATRICA HAGGERTY

55. That all previous allegations are incorporated herein by reference.

56. That the Defendant Haggerty, breached her aforesaid duty to act as a reasonably competent attorney and was negligent in her representation of Plaintiff in the disciplinary matter on numerous instances.

57. That as a result of the breach of duty and negligence of the Defendant Haggerty, as aforesaid, the Plaintiff has suffered economic loss and emotional trauma.

**WHEREFORE**, the Plaintiff, JONATHAN DAVID ROBBINS, demands judgment in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), prejudgment interest at the statutory rate, plus court costs from the Defendant, PATRICIA HAGGERTY.

## COUNT XII-CLAIM OF LEGAL MALPRACTICE
## AGAINST ROBERT P. SCANLON

58. That all previous allegations are incorporated herein by reference.

59. That the Defendant Scanlon, breached his aforesaid duty to act as a reasonably competent attorney and was negligent in his representation of Plaintiff in the disciplinary

matter on numerous instances.

60. That as a result of the breach of duty and negligence of the Defendant Scanlon, as aforesaid, the Plaintiff has suffered economic loss and emotional trauma.

**WHEREFORE**, the Plaintiff, JONATHAN DAVID ROBBINS, demands judgment in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), prejudgment interest at the statutory rate, plus court costs from the Defendant, ROBERT P. SCANLON.

### COUNT XIII– CLAIM AGAINST FRANKE, ANDERSON & QUINN LLC UNDER THEORY OF *RESPONDEAT SUPERIOR*

61. That all previous allegations are incorporated herein by reference

62. That at all times mentioned herein, Scanlon, was the agent, servant, and/or employee of the Defendant, Anderson & Quinn LLC. Scanlon was acting within the scope of his employment or agency with the Defendant Anderson & Quinn LLC when he committed the wrongful acts previously alleged.

63. That the Defendant, Anderson & Quinn LLC, is liable to the Plaintiff under the theory of *Respondeat Superior* due to the aforesaid wrongful conduct of the Defendant, Robert P. Scanlon.

**WHEREFORE**, the Plaintiff, JONATHAN DAVID ROBBINS, demands judgment in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), prejudgment interest at the statutory rate, plus court costs from the Defendant, ANDERSON & QUINN LLC.

### COUNT XIV-CLAIM OF LEGAL MALPRACTICE AGAINST JAMES E. EDWARDS

64. That all previous allegations are incorporated herein by reference.

65. That the Defendant Edwards, breached his aforesaid duty to act as a reasonably competent attorney and was negligent in his representation of Plaintiff in the disciplinary matter on numerous instances.

66. That as a result of the breach of duty and negligence of the Defendant Edwards, as aforesaid, the Plaintiff has suffered economic loss and emotional trauma.

**WHEREFORE**, the Plaintiff, JONATHAN DAVID ROBBINS, demands judgment in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), prejudgment interest at the statutory rate, plus court costs from the Defendant, JAMES E. EDWARDS.

### COUNT XV– CLAIM AGAINST BAKER DONELSON UNDER THEORY OF *RESPONDEAT SUPERIOR*

67. That all previous allegations are incorporated herein by reference

68. That at all times mentioned herein, Edwards was the agent, servant, and/or employee of the Defendant, Baker Donelson.

69. That the Defendant Edwards, was acting within the scope of his employment or agency with the Defendant, Baker Donelson, when he committed the wrongful acts previously alleged.

70. That the Defendant, Baker Donelson, is liable to the Plaintiff under the theory of *Respondeat Superior* due to the aforesaid wrongful conduct of the Defendant, Edwards.

**WHEREFORE**, the Plaintiff, JONATHAN DAVID ROBBINS, demands judgment in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), prejudgment interest at the statutory rate, plus court costs from the Defendant, BAKER DONELSON.

### COUNT XVI-CLAIM OF LEGAL MALPRACTICE AGAINST SHELBA A. SUTHERLAND BOSSOM

71. That all previous allegations are incorporated herein by reference.

72. That the Defendant Bossom breached her aforesaid duty to act as a reasonably competent attorney and was negligent in her representation of Plaintiff in the disciplinary matter on numerous instances.

73. That as a result of the breach of duty and negligence of the Defendant,

Bossom, as aforesaid, the Plaintiff has suffered economic loss and emotional trauma.

**WHEREFORE**, the Plaintiff, JONATHAN DAVID ROBBINS, demands judgment in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), prejudgment interest at the statutory rate, plus court costs from the Defendant, SHELBA A. SUTHERLAND BOSSOM.

### COUNT XVII–CLAIM OF LEGAL MALPRACTICE AGAINST ANNETTE F. TORCHINSKY

58. That all previous allegations are incorporated herein by reference.

59. That the Defendant Torchinsky, breached her aforesaid duty to act as a reasonably competent attorney and was negligent in her representation of Plaintiff in the disciplinary matter on numerous instances as detailed in the attached Exhibit H.

60. That as a result of the breach of duty and negligence of the Defendant Torchinsky, as aforesaid, the Plaintiff has suffered economic loss and emotional trauma.

**WHEREFORE**, the Plaintiff, JONATHAN DAVID ROBBINS, demands judgment in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), prejudgment interest at the statutory rate, plus court costs from the Defendant, ANNETTE F. TORCHINSKY.

Respectfully submitted,

*/s/ Jonathan David Robbins*
**JONATHAN DAVID ROBBINS**
(Incarcerated)
18800 Roxbury Road
Hagerstown, MD 21746
**PLAINTIFF**

### DEMAND FOR JURY TRIAL

**COMES NOW**, the Plaintiff, JONATHAN DAVID ROBBINS, and demands that this matter be tried before a jury.

*/s/ Jonathan David Robbins*
**JONATHAN DAVID ROBBINS**

15