IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JONATHAN DAVID ROBBINS, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No.: 1:22-cv-0844-LKG<br>)<br>) Dated: August 16, 2022 |
| ATTORNEY GRIEVANCE<br>COMMISSION OF MARYLAND, *et al.*, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

## **MEMORANDUM OPINION AND ORDER**

In this action, self-represented Plaintiff Jonathan David Robbins is suing the Attorney Grievance Commission of Maryland as well as fifteen Maryland licensed attorneys for their involvement in attorney disciplinary proceedings against him. ECF 1. Robbins alleges "abuse of process" and negligence, civil rights violations pursuant to 18 U.S.C. § 242, and legal malpractice. *Id*. at 6-8. He seeks at least $1,000,000 in damages from each defendant. *Id*. Because the Complaint does not adequately plead the basis for this Court's subject matter jurisdiction, it will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).

A federal district court does have jurisdiction to hear all cases. Federal district courts have jurisdiction to hear only "civil actions arising under the Constitution, laws, or treaties of the United States" and "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. §§ 1331, 1332(a)(1). The Court has "an independent obligation to determine whether subject-matter

jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also* Fed. R. Civ. P. 12(h)(3) (stating that if at any time a court determines that it does not have subject matter jurisdiction, "the court must dismiss the action"). The party filing suit in this Court bears the burden of establishing the Court's subject matter jurisdiction. *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *see also Hertz*, 599 U.S. at 96. This Court must construe liberally complaints filed by self-represented plaintiffs. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

This Court has diversity jurisdiction, with certain class action exceptions not relevant here, when there is "complete diversity among the parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). For purposes of determining whether there is diversity, a natural person is deemed a citizen of the State in which he or she is domiciled. *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998). A corporation is deemed a citizen "of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). An unincorporated association is deemed a citizen of any state in which any of its members is a citizen. *Clephas v. Fagelson, Shonberger, Payne & Arthur*, 719 F.2d 92, 93 (4th Cir. 1983).

Plaintiff filed this suit based on diversity jurisdiction, but on the face of the Complaint, there is not complete diversity of the parties. ECF No. 1 at 3-5. Plaintiff states that he is a resident of Washington County, Maryland. *Id*. at 3. Plaintiff provides Maryland addresses for 15 of 16 defendants. *Id*. at 1-3. Thus, for purposes of diversity jurisdiction, plaintiff and these defendants all appear to be citizens of Maryland. Plaintiff has not met his burden to show

complete diversity of citizenship among the parties. Moreover, Plaintiff has failed to establish any other basis for federal jurisdiction. In addition, to state claims for legal malpractice and "abuse of process" or negligence, Plaintiff cites 18 U.S.C. § 242 which is a criminal statute that does not provide for any civil cause of action. Accordingly, the Court must dismiss the Complaint without prejudice for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). This dismissal does not prejudice plaintiff's right to present this claim in the Maryland state courts.

And so, for the foregoing reasons, it is this 16th day of August, 2022, by the United States District Court for the District of Maryland, hereby **ORDERED** that:

1. The Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction;

2. The Clerk **SHALL PROVIDE** a copy of this Memorandum Opinion and Order to Plaintiff; and

3. The Clerk **SHALL CLOSE** this case.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge